UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21045-ALTMAN/Sanchez

**MARVIN REYES,** *individually and on behalf of all others similarly situated*,

    *Plaintiff*,

v.

**TRANS UNION, LLC**,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

The Defendant, Trans Union, has moved to dismiss the Plaintiff's Complaint. *See* Defendant's Motion to Dismiss Complaint and Supporting Memorandum of Law (the "Motion to Dismiss") [ECF No. 22]. For the reasons we outline below, we now **GRANT** the Motion to Dismiss.[1]

### THE FACTS[2]

On March 18, 2024, our Plaintiff, Marvin Reyes, filed a class-action lawsuit against Trans Union, asserting violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). *See generally* Class Action Complaint and Demand for Jury Trial (the "Complaint") [ECF No. 1]. The Plaintiff is a Florida resident, while the Defendant—"one of the largest credit reporting agencies in the United States"—is a "limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661." *Id.* ¶¶ 18–19. The Defendant "regularly sells its products and services in this [Court's] District." *Id.* ¶ 17.

---

[1] The Motion to Dismiss is ripe for resolution. *See* Plaintiff's Response to Motion to Dismiss (the "Response") [ECF No. 24]; Defendant's Reply Memorandum in Support of Motion to Dismiss (the "Reply") [ECF No. 27].

[2] We take the following facts from the Plaintiff's Complaint and accept them as true for purposes of this Order.

Reyes alleges that, "[s]ometime prior to February of 2024," he "reviewed his Trans Union consumer credit reports and noticed that two hard inquiries[3] were being reported for Kohls/[Capital One]," which "reflected" that Kohls and Capital One ("CapOne") had "obtain[ed] his credit reports on December 15, 2023 and January 20, 2024." *Id.* ¶ 21. Reyes tells us that he was "confused, as he had never authorized Kohls or Capital One to obtain his consumer reports." *Id.* ¶ 22. Hoping to alleviate his confusion, Reyes "called both Kohls and Capital One to inquire about these purported inquiries. Each entity responded that they could find no application or documentation associated with [Reyes] in which he had given permission to access and obtain his consumer reports." *Id.* ¶ 24.

On February 22, 2024, Reyes "sent a letter to Trans Union disputing the [two] unauthorized . . . inquiries." *Id.* ¶ 25. In that letter, Reyes informed Trans Union that he'd "contacted Kohls and Capital [O]ne[,] who [both] indicated they had no record of authorization associated with [Reyes,]" and he "request[ed] their removal from his credit file." *Ibid.* Reyes claims that Trans Union "received [his] letter, but did not conduct a reinvestigation of his dispute, notify Kohls/Cap[O]ne of the dispute, or remove the inquiry from Plaintiff's credit file." *Id.* ¶ 26. Instead, "Trans Union sent Plaintiff a form letter" on February 28, 2024, "offer[ing] a generic 'Explanation of the Inquires on Your Credit Report.'" *Id.* ¶ 27. Reyes alleges that, "[a]s a direct and proximate result of Trans Union's false statements and refusal to reinvestigate his dispute of the Kohls/Cap[O]ne inquiry," he suffered the following injuries: (1) "reduction of his credit score"; (2) "[d]eprivation of the information that Trans Union had not reinvestigated his dispute or contact Kohls/Cap[O]ne which, at a minimum, would have armed him with additional information concerning his creditworthiness"; (3) "[d]istress from getting the run around from Trans Union concerning his disputes"; (4) "[d]enials of credit"; and

---

[3] According to the Plaintiff, "an 'inquiry' is a record that identifies the person or business that obtained a consumer's credit report from a CRA, that person or business's address, and the date on which the person or business acquired the consumer's credit report." Complaint ¶ 2.

(5) "[l]ost time and resources expended in connection with making multiple ignored disputes of the Kohls/Cap[O]ne inquiry to Trans Union." *Id.* ¶ 28.

The Plaintiff "brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, based on Trans Union's failure to comply with FCRA section[ ] 1681i," seeking to represent the following class:

> During the period beginning two years prior to the filing of this action and through the time of class certification, all persons residing in the United States and its Territories to whom Trans Union sent a letter materially identical to the letter it sent to Plaintiff.

*Id.* ¶ 38. As relief, he seeks an "order certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class," an "order declaring that Defendant's actions are in violation of the FCRA," "[s]tatutory damages in the amount of not less than $100 and not more than $1,000 per violation per class member," "actual damages" under 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), "punitive damages" under 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs. *See id.* at 12.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

## ANALYSIS

Section 1681i of the FCRA outlines "the procedure for [credit reporting agencies ('CRAs')] to follow in circumstances where a consumer disputes the accuracy of reporting." *Bauer v. Target Corp.*, 2013 WL 12155951, at *4 (M.D. Fla. June 19, 2013) (Porcelli, Mag. J.). It specifically provides that, "when a consumer disputes the accuracy of information contained in a consumer file, the consumer reporting agency 'shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]'" *Alexander v. Certegy Check Servs., Inc.*, 2016 WL 7478961, at *2 (M.D. Fla. Dec. 29, 2016) (Kovachevich, J.) (quoting 15 U.S.C. § 1681i(a)(1)(A)). To state a viable claim under § 1681i(a), a plaintiff must allege:

> (1) the [consumer report in dispute] contains inaccurate or incomplete information; (2) the [plaintiff] notified the [CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the [CRA] failed to respond or conduct a reasonable reinvestigation of the disputed items; [and] (5) the failure to reinvestigate caused the [plaintiff] to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.

*Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (Altonaga, J.) (quoting *Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008) (Presnell, J.)).

Here, the Plaintiff alleges that the Defendant has "willfully and negligently failed to comply with the requirements of FCRA sections 1681i(a)(1) and (2) by failing to: (a) reinvestigate the inquiries disputed by Plaintiff and the Class members, notify the source of the inquiries about the disputes, and provide the sources with all relevant information Plaintiff and the Class members provided to Trans

Union; or (b) delete the inquiries." Complaint ¶ 52. Still, Reyes hasn't satisfied the first element of a 1681i(a) claim because he never alleges that his credit report—though unauthorized—"contain[ed] inaccurate or incomplete information[.]" *Lazarre*, 780 F. Supp. 2d at 1329.

Reyes (recall) claims that he "reviewed his Trans Union consumer credit reports and noticed that two hard inquiries were being reported for Kohls/Cap[O]ne . . . [H]e was understandably confused as he had never authorized Kohls or Capital One to obtain his consumer reports." Complaint ¶¶ 21–22. But nowhere does he say that those consumer reports were inaccurate or incomplete. Instead, Reyes alleges as follows:

> This case is about Trans Union's failure to fulfill its statutory duties with respect to consumer disputes of inquiry information. Trans Union does not reinvestigate disputed inquiries; does not notify the source of the disputed inquiry about the consumers' disputes of the information; does not provide the source with all the relevant information about the dispute; and does not delete disputed inquiries that it cannot verify. Moreover, rather than complying with the FCRA, Trans Union attempts to forego its obligations and put the onus on the consumer to investigate and rectify inaccurate inquiries with the furnisher.
>
> These failures not only violate consumers' FCRA rights to dispute [as] described above, they also undermine the accuracy of information within consumer reports because consumers often notice inaccurate information of which the reporting CRA is unaware. The FCRA's dispute procedure is the *singular* method (outside of litigation) by which consumers can correct errors in their credit files.
>
> Trans Union has violated the requirements of FCRA sections 1681i(a)(1) and (2) by failing to reinvestigate disputed inquiries and failing to notify the source of the inquiry about the consumer's dispute. As a result, Trans Union harmed Plaintiff and, upon information and belief, thousands like him across the United States, and undercut the healthy functioning of the consumer credit system by providing inaccurate and misleading credit history information about consumers to potential creditors and service providers.

*Id.* ¶¶ 11–15. Based on these allegations, we simply cannot tell whether Reyes is alleging that *his own* credit reports contained inaccurate information or whether he's saying that (in his view) Trans Union *often* or *generally* "provid[es] inaccurate and misleading credit history information about consumers to potential creditors and service providers." *Id.* ¶ 15.

Other courts in our Circuit and around the country have found similar allegations insufficient to satisfy the first element of a 1681i claim. *See, e.g., Alexander v. Certegy Check Servs., Inc.*, 2016 WL 5843176, at *3–4 (M.D. Fla. Oct. 4, 2016) (Kovachevich, J.) (holding "that the [a]mended [c]omplaint [was] not sufficient to nudge [p]laintiff's claims across the line from conceivable to plausible," because the plaintiff did not "allege that [the defendant] reported or maintained inaccurate information about him"—but instead contended only "that such an inference may be drawn because [p]laintiff 'had stellar credit and a nearly perfect credit score' with 'no past factors'" (cleaned up)); *Lacey v. TransUnion, LLC*, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) (Jung, J.) (granting motion to dismiss under § 1681i where the plaintiff never alleged, beyond a "legal conclusion," that the "TransUnion credit report [was] inaccurate"); *Wimberly v. Experian Info. Sols.*, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) ("The threshold question under Sections 1681e(b) and 1681i [of the FCRA] is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary . . . . Here, [p]laintiff cannot state claims under Sections 1681e(b) or 1681i(a)(1)(A) of the FCRA . . . because he has not shown that [d]efendant reported inaccurate information . . . . Because [p]laintiff has not made a threshold showing of inaccurate or misleading information on his credit reports, his purported claims under Sections 1681e(b) [and] 1681i . . . fail."). In our case, Reyes fails to allege (even in a conclusory fashion) that his Trans Union consumer credit reports contained inaccurate or incomplete information. He's thus failed to state a claim under § 1681i, so his claim must be dismissed.

Because the "threshold question" in a § 1681i case is "whether a consumer report contained an inaccuracy in the first place," *Darden v. Experian Info. Sols., Inc.*, 2024 WL 489442, at *12 (N.D. Ga. Jan. 24, 2024), we don't think it makes sense to delve further into the Plaintiff's allegations as they're currently pled. At the same time, we'll give the Plaintiff leave to amend his Complaint to add factual allegations supporting a claim that the challenged consumer credit reports contained inaccurate or

incomplete information. The Defendant's *other* arguments for dismissal are preserved and may be re-raised in a future answer or motion to dismiss.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Defendant's Motion to Dismiss [ECF No. 22] is **GRANTED without prejudice**.
2. If the Plaintiff wants to file an amended complaint, he must do so by June 27, 2024.

**DONE AND ORDERED** in the Southern District of Florida on June 13, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record